# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**Dorothy Mitchell,**

       *Plaintiff*,

v.                Case No. 3:18-cv-228
                  Judge Thomas M. Rose

**California Casualty General Insurance
Company of Oregon,**

       *Defendant*.

---

**ENTRY AND ORDER GRANTING MOTION TO BIFURCATE, ECF 8, DENYING MOTION TO STRIKE. ECF 9.**

---

  Pending before the Court are Amended Motion to Bifurcate by Defendant California Casualty General Insurance Company of Oregon, ECF 8, and Plaintiff's Motion to Strike Amended Motion to Bifurcate. ECF 9. Defendant would have the Court bifurcate questions of damages and punitive damages from a trial on liability.

  Under the Federal Rules of Civil Procedure, a court may order a separate trial for one or more separate issues for convenience, to avoid prejudice, or to expedite and economize. Fed. R. Civ. P. 42(b). Rule 42(b) "places the decision to bifurcate within the discretion of the district court." *Saxion v. Titan–C–Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir.1996). While Ohio Revised Code § 2315.21(B)(1) provides that claims for punitive damages shall be bifurcated upon motion by either party "[i]n a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and for punitive damages," when a court sits in diversity, as it

1

does in this case, the court must apply substantive state law and procedural federal law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Thus, while the Court must apply state law to the substantive issues raised in this case, it is not similarly bound by state law regarding procedural issues. See *Tarrants v. Owens–Corning Fibreglass Corp.*, 225 F.3d 659 (6th Cir.2000). Ample precedent holds that bifurcation should be governed by federal law in diversity cases. *Tuttle v. Sears, Roebuck & Co.*, No. 1:08 CV 333, 2009 WL 2916894, at *1–2 (N.D. Ohio Sept. 4, 2009) (citing *Hamm v. American Home Products Corporation*, 888 F. Supp. 1037, 1038 (E.D. Cal. 1995); *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990) (applying Rule 42(b) instead of New York common law requiring that evidence of defendant's wealth be admitted only after jury has otherwise determined that punitive damages are appropriate); *Rosales v. Honda Motor Co., Ltd.*, 726 F.2d 259, 261 (5th Cir. 1984) (applying Rule 42(b) instead of Texas law requiring that liability and damages be tried in a single proceeding); *Moss v. Associated Transport, Inc.*, 344 F.2d 23, 25 (6th Cir. 1965) (applying Rule 42(b) instead of Tennessee law requiring that liability and damages be tried in a single proceeding).

Under the Rules Enabling Act, 22 U.S.C. § 2072, Rule 42(b) was adopted to govern "practice and procedure" of district courts in diversity cases. Therefore, the Court has discretion over the issue of bifurcation as granted under Rule 42(b), and the mandatory language of Ohio Rev. Code § 2315.2 does not apply. *Tuttle*, at *2.

Here, in the interest of efficiency and avoiding jury confusion, the Court will exercise its discretion and will bifurcate punitive and compensatory damages claims from any trial on liability. Thus, Defendant's Amended Motion to Bifurcate, ECF 8, is **GRANTED**.

Plaintiff's Motion to Strike, ECF 9, asserts that Defendant's motion was filed in violation of Local Rule 7.2. It was not. Plaintiff's motion, ECF 9, is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, April 25, 2019.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE