**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DOROTHY MITCHELL, | : | Case No. 3:18-cv-228 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| CALIFORNIA CASUALTY GENERAL | : | |
| INSURANCE COMPANY OF | : | |
| OREGON, | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

An insured homeowner—Plaintiff Dorothy Mitchell—brings this case against her insurer Defendant California Casualty General Insurance Company of Oregon. She alleges that California Casualty has improperly failed to fully pay for wind and water damage to her home that is covered by the parties' agreed-upon insurance policy. Her Complaint advances four causes of action: (1) breach of contract, (2) bad faith, (3) unjust enrichment, and (4) declaratory judgment.

California Casualty presently seeks an Order dismissing Plaintiff's unjust-enrichment claim under Fed. R. Civ. P. 12(c).

"Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Federal Rules of Civil Procedure 12(b)(6)." *Ayer v. Cmty. Mercy Health Partners*, No. 3:18-cv-00327, 2019 WL 1902520,

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

*2 (S.D. Ohio April 29, 2019) (Rose, D.J.) (citing *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010)).  All Plaintiff's material and well-pleaded factual allegations are accepted as true.  *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017).  California Casualty's Rule 12(c) Motion may be granted only if it is "'clearly entitled to judgment as a matter of law.'"  *Id*. (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007) (other citation omitted)).

California Casualty argues that dismissal of Plaintiff's unjust-enrichment claim is warranted because unequivocal Ohio law bars her from bringing a breach-of-contract claim under her homeowner's policy together with her claim of unjust enrichment.

Plaintiff contends that although she brings a breach-of-contract claim, Ohio law does not foreclose her from pursuing her unjust-enrichment claim as an alternative theory of recovery in light of her allegations of bad faith.[2]

"An action for unjust enrichment will lie where a party retains money or a benefit that in equity or justice belongs to another."  *Eyerman v. Mary Kay Cosmetics, Inc*., 967 F.2d 213, 222 (6th Cir. 1992) (citing *Hummel v. Hummel,* 133 Ohio St. 520, 14 N.E.2d 923, 926-27 (1938)).  But, "[u]nder Ohio law, a plaintiff may not recover under the theory of unjust enrichment when an express contract covers the same subject."  *Bihn v. Fifth Third Mortg. Co*., 980 F.Supp.2d 892, 904 (S.D. Ohio 2013) (Rose, DJ) (citing *Wuliger v. Mfrs. Life Ins. Co. (USA),* 567 F.3d 787, 799 (6th Cir. 2009)).

---

[2] The parties are correct to apply Ohio substantive law to their present disagreement.  "Under the long-standing *Erie* doctrine, in actions brought in federal court invoking diversity jurisdiction, a court must apply the same substantive law as would have been applied if the action had been brought in a state court of the jurisdiction where the federal court is located."  *Corrigan v. U.S. Steel Corp*., 478 F.3d 718, 723 (6th Cir. 2007) (citations omitted).

California Casualty emphasizes, "There is no dispute that [Plaintiff's] Homeowner's Policy with [California Casualty] was in existence at all times relevant herein." (Doc. #12, *PageID* #212). This tracks with Plaintiff's allegations on the face of her Complaint in which she identifies the specific insurance policy issued by California Casualty to Plaintiff concerning her single-family home on Derby Road in Dayton, Montgomery County, Ohio. (Doc. #3, ¶s 1, 5). Further, Plaintiff's unjust-enrichment theory centers upon the benefit she conferred upon California Casualty "by paying her policy premiums for the Derby Property covered by the [California Casualty] policy." *Id*. ¶59. Plaintiff's unjust-enrichment theory continues:

> 60. [California Casualty] has retained the benefit which Plaintiff has conferred upon it by virtue of refusing to fully pay or underpaying the windstorm loss which occurred on or after June 22, 2016 and which was covered by [California Casualty] policy.

> 61. Under the circumstances, it would be unjust and inequitable for [California Casualty] to retain any value of such benefit without paying for it.

*Id*. These allegations are—in substance—a repeat of the basis for Plaintiff's breach-of-contract claim. *See id*. at ¶s 38-44. Because Plaintiff's unjust-enrichment claims covers the same ground as her breach-of-contract claim, and because California Casualty does not dispute the existence of the parties' insurance contract, Ohio's general rule applies and forecloses Plaintiff from proceeding with a claim for unjust enrichment. *See Bihn*, 980 F.Supp.2d at 904; *see also Delahunt v. Cytodyne Technologies*, 241 F.Supp.2d 827, 841 (S.D. Ohio 2003) (Watson, D.J.) ("The equitable claim of unjust enrichment fails when a legal remedy is available."); *Randolph v. New England Mut. Life Ins. Co*., 526

F.2d 1383, 1387 (6th Cir. 1975) ("The contract theory then being just as 'adequate' as the unjust enrichment, or quasi-contract, theories, founded in equitable principles…, the unjust enrichment, or quasi-contract, theories are unavailable …." (citations omitted)); *Wolfer Ent., Inc. v. Overbrook Dev. Corp.*, 132 Ohio App.3d 353, 357 (1999) ("A party seeking a remedy under a contract cannot also seek equitable relief under a theory of unjust enrichment or quantum meruit, because the terms of the agreement define the parties' relationship in the absence of fraud, bad faith or illegality.").

Hold on, Plaintiff says, Ohio law in this area is not unequivocal. She maintains that Ohio law recognizes a bad-faith exception to the general rule. She finds this exception in *Ullmann v. May*, 147 Ohio St. 468, *syllabus* ¶4 (1947), which states, "'In the absence of fraud or bad faith, a person is not entitled to compensation on the ground of unjust enrichment if he received from the other that which it was agreed between them the other should give in return.'" (Doc. #15, *PageID* #225 (emphasis omitted) (quoting *Morton Bldgs., Inc. v. Correct Custom Drywall, Inc.*, 2007─Ohio─2788, ¶ 32, 2007 WL 1641155, at *6 (Ohio App. 2007); *Pacific Space Design Corp. v. PNC Equipment Finance, LLC*, No. 1:13cv00460, 2014 WL 6603288, at *6 (S.D. Ohio 2014)).

The premise of Plaintiff's argument is correct—Ohio law contains a bad-faith exception: "[A]bsent fraud, illegality, or bad faith, a plaintiff may not recover if the defendant retains the disputed money or benefit under the terms of an agreement between the parties." *Eyerman*, 967 F.2d at 222 (citing *Aultman Hosp. Ass'n v. Community Mut. Ins. Co*., 46 Ohio St.3d 51 (1989); *Ullmann*, 147 Ohio St. 468, 72 N.E.2d at 67). But this exception pertains to bad faith (or fraud or illegality) "in the making of the agreement

….” *Id*. Or, in other words, a bad-faith challenge to the existence of a valid contract may permit a plaintiff to plead breach of contract and unjust enrichment in the alternative. *See Eyerman*, 967 F.2d at 222; *see also Bihn*, 980 F.Supp.2d at 904 (“Said another way, ‘unjust enrichment claims may be pled in the alternative to a breach of contract claim when the existence of a contract is in dispute.” (quoting, in part, *Carlquist v. Wells Fargo Bank, N.A.,* No. 1:12 CV 0203, 2012 WL 3815646 at *6 (N.D. Ohio Sept. 4, 2012)).

Plaintiff insists, “While the scope of the ‘bad faith’ exception described in Ohio caselaw is not specifically defined, it would certainly include the specific insurance bad faith allegations present in [her] Complaint, the sufficiency of which have not been challenged by [California Casualty].” (Doc. #15, *PageID* #225 (citations omitted)). Still, Plaintiff does not allege that the insurance contract between the parties is void because of California Casualty’s bad faith. Her bad-faith claim instead concerns California Casualty’s alleged misdeeds in delaying and denying insurance coverage without a lawful basis and “with respect to the investigation, evaluation and handling of the claims submitted by Plaintiff ….” *Id*. at 57. Because these allegations of bad faith do not go to the formation or validity of the insurance policy that existed between the parties, Plaintiff’s unjust-enrichment claim fails as a matter of law. *See Kendell v. Phoenix Home Health Care Servs. Ltd*., No. 2:15-cv-3009, 2016 WL 5871506, *2 (S.D. Ohio Oct. 7, 2016) (Deavers, M.J.) (Ohio law “permits that where there is a dispute as to the existence or *enforceability* of a contract, a party may plead … unjust enrichment in the alternative” to a breach of contract claim); *Eberhard v. Chi. Title Ins. Co*., No. 1:11-cv-834, 2012 WL 13029534, at *16 (N.D. Ohio March 31, 2012) (“The bad faith must be in inducing the

party to enter into the contract or terminating the contract." (citation omitted).

Accordingly, California Casualty's Motion for Judgment on the Pleadings as to Plaintiff's unjust-enrichment claim is meritorious.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Defendant California Casualty General Insurance Company of Oregon's Motion for Judgment on the Pleadings as to Plaintiff's Third Cause of Action—Unjust Enrichment (Doc. #14) be GRANTED; and

2.  Plaintiff's third cause of action—unjust enrichment—be dismissed.


December 17, 2019                              *s/Sharon L. Ovington*
                                               Sharon L. Ovington
                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).